## PURPLE *a.* THE HUDSON RIVER R. R. CO.

*New York Superior Court; General Term, October,* 1854.

ASSIGNMENT OF CAUSE OF ACTION.—TORTS.

The rule of law that a cause of action founded on injuries to the person is not assignable, has not been altered by the Code.

Demurrer to complaint.

This action was instituted by S. S. Purple, assignee of Minerva Purple. The complaint alleged that the defendants contracted to carry Minerva Purple from Greenbush to Canalstreet, and deliver her there in safety; that she was violently thrown from the car when landing, by reason of its being started improperly, whereby she was severely injured: and that she had assigned the cause of action to the present plaintiff. To this complaint the defendants demurred on the ground that the cause was not assignable. The demurrer was sustained at special term, and the plaintiff appealed to the general term.

*Geo. Betts,* for plaintiff.

*W. Fullerton,* for defendants.

DUER, J.—We are clearly of opinion that the decision at special term is correct.

It is true in all cases, as the law stood before the Code, that where an action was brought against a common carrier, or against a person engaged to transport another for hire, the party had his election whether to bring his action for assumpsit founded upon a breach of contract or an action of tort; but whatever may have been the nature of the action where it was brought to recover for injuries to the person—an injury resulting from the carelessness or negligence of the party sued —we think that tort was substantially the true cause of action, and therefore it was not assignable. It seems to have been

understood by many members of the bar that the Code authorizes an assignee to maintain an action in his own name, and that in all cases where right of action exists in a party, that right may be assigned. The law in that respect has not been altered. An assignee where an assignment is valid according to the rules of law as they formerly existed, may maintain an action in his own name, but when a cause of action is a simple tort, and for a special injury to the person, it is not more assignable under the Code than it was under the laws that formerly prevailed.

Judgment, therefore, must be affirmed, with costs.